1

2

3                                                          O

4

5

6

7

8                UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 PRIVACYWEAR, INC., a      )    Case No. EDCV 07-1532-VAP
   Nevada Corporation; and  )    (OPx)
12 CAROLYN M. JONES, an      )
   individual,               )    **[Motion filed on March 28,**
13                           )    **2008]**
                Plaintiffs,  )
14                           )    **ORDER TO SHOW CAUSE WHY THIS**
        v.                   )    **ACTION SHOULD NOT BE STAYED**
15                           )    **AND DEFENDANTS' MOTION**
   QTS & CTFC, LLC, a        )    **DENIED WITHOUT PREJUDICE**
16 Nebraska Limited          )
   Liability Company; and    )
17 JONATHAN NASH, an         )
   individual,               )
18                           )
                Defendants.  )
19 _____ )

20      The Court has received and considered all papers

21 filed in support of, and in opposition to, Defendants'

22 "Motion to Dismiss Plaintiffs' First Amended Complaint

23 for Lack of Personal Jurisdiction and/or Improper Venue

24 or, in the Alternative, to Transfer for Convenience;

25 Motion to Dismiss Plaintiffs' Fifth Cause of Action

26 Pursuant to Fed. R. Civ. P. 12(b)(6)."

27

28

For the reasons set forth below, the Court is inclined to stay this action pursuant to <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976), and to deny the pending Motions without prejudice.  The parties therefore are ORDERED to show cause in writing why this action should not be stayed pending resolution of the parallel state court proceedings.

**I. BACKGROUND**

**A.   Procedural Background**

Plaintiffs PrivacyWear, Inc. and Carolyn M. Jones filed a Complaint on November 20, 2007, and a First Amended Complaint ("FAC") on March 18, 2008.  The FAC alleges the following claims against Defendants QTS & CTFC, LLC ("QTS") and Jonathan Nash:  (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) failure to acknowledge satisfaction of judgment, (4) unjust enrichment, (5) fraud in the inducement, and (6) for declaratory relief.

On March 28, 2008, Defendants filed a "Motion to Dismiss Plaintiffs' First Amended Complaint for Lack of Personal Jurisdiction and/or Improper Venue or, in the Alternative, to Transfer for Convenience; Motion to Dismiss Plaintiffs' Fifth Cause of Action Pursuant to Fed. R. Civ. P 12(b)(6)" ("Motion" or "Mot."), along with

1  the declarations of Christopher D. Glos ("Glos Decl.")

2  and Jonathan Nash.  Plaintiffs filed Opposition ("Opp'n")

3  and the declarations of Carolyn M. Jones and Brent H.

4  Blakely on April 14, 2008.  Defendants filed a Reply and

5  the Supplemental Declaration of Jonathan Nash on April

6  21, 2008.

7

8  **B.  Factual Background**

9       Plaintiff PrivacyWear is a Nevada corporation with

10  its principal place of business in California.  (FAC ¶

11  2.)  Plaintiff Jones is the president of PrivacyWear.

12  (Jones Decl. ¶ 1.)  The FAC alleges that in 2004,

13  Plaintiff PrivacyWear and Defendant Nash entered into an

14  agreement whereby Nash invested $50,000 in PrivacyWear

15  and obtained a 2.5 percent interest in the company.  (FAC

16  ¶ 4.)

17

18       Nash is the sole member and manager of Defendant QTS,

19  a Nebraska limited liability corporation.  (Id. ¶¶ 2, 7.)

20  In 2005, QTS sued Plaintiffs in Nebraska state court for

21  breach of contract and related claims arising out of the

22  parties' investment agreement.  (Id. ¶ 5.)  In 2006, the

23  Nebraska court entered default judgment in favor of QTS

24  and against Plaintiffs.  The Nebraska judgment called for

25  Plaintiff Jones to pay $50,000, for Plaintiff PrivacyWear

26  to pay $50,000, and for QTS to be awarded 2.5 percent of

27  PrivacyWear stock.  (Id. ¶ 6.)  According to Plaintiffs,

28

1   the parties later entered into an oral agreement under
2   which QTS would accept $400,000 from Jones and
3   PrivacyWear in full satisfaction of the entire judgment.
4   (Id. ¶ 8.)
5
6       Plaintiffs allege that in November 2006, they paid
7   the $400,000 to satisfy the judgment.  (Id. ¶ 9.)
8   Nevertheless, Defendant Nash continued to demand payment
9   of more money.  (Id. ¶ 12.)  In April 2007, QTS filed an
10  action in the California Superior Court for the County of
11  Riverside to enforce the Nebraska judgment against
12  Plaintiffs.  (Id. ¶ 13.)  Plaintiffs then filed this
13  lawsuit.
14
15                    **II. LEGAL STANDARD**
16      Under the Colorado River doctrine, a federal court
17  may decline to exercise jurisdiction in favor of
18  concurrent and parallel state proceedings where doing so
19  would serve the interests of "wise judicial
20  administration, giving regard to the conservation of
21  judicial resources and comprehensive disposition of
22  litigation."  Colorado River Water Conservation Dist. v.
23  United States, 424 U.S. 800, 818 (1976).  In applying the
24  Colorado River doctrine, the court may stay or dismiss
25  the action.  Moses H. Cone Mem. Hosp. v. Mercury Constr.
26  Corp. ("Cone"), 460 U.S. 1, 14-15 (1983).  A stay is
27  favored over dismissal where it "ensures that the federal
28

                            4

forum will remain open if for some unexpected reason the state forum does turn out to be inadequate." Attwood v. Mendocino Coast Dist. Hosp., 886 F.2d 241, 243 (9th Cir. 1989) (internal quotation omitted).

The Colorado River doctrine should be invoked only in "exceptional circumstances," because federal courts otherwise have a "virtually unflagging obligation" to exercise the jurisdiction conferred on them. Colorado River, 424 U.S. at 817-18; Cone, 460 U.S. at 19. The following factors are relevant to whether a stay under Colorado River is appropriate:

> (1) whether the state court first assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings are inadequate to protect the federal litigant's rights; (7) whether exercising jurisdiction would promote forum shopping.

Holder v. Holder, 305 F.3d 854, 868 (9th Cir. 2002). The factors "are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a

1   mechanical checklist."   Am. Int'l Underwriters

2   (Philippines), Inc. v. Continental Ins. Co., 843 F.2d

3   1253, 1257 (9th Cir. 1988) (internal quotation and

4   citation omitted).   The balancing of these factors is to

5   be "heavily weighted in favor of exercising

6   jurisdiction."   Cone, 460 U.S. at 16.

7

8                          **III. DISCUSSION**

9       A court may invoke the Colorado River doctrine sua

10   sponte.   See Atchison, Topeka and Santa Fe Ry. Co. v. Bd.

11   of Equalization of the State of California, 795 F.2d

12   1442, 1446-48 (9th Cir. 1986), vacated on other grounds,

13   828 F.2d 9 (1987) (raising Colorado River for the first

14   time on appeal and instructing district court to stay

15   action upon remand).   Here, the parties' moving and

16   opposition papers reveal the existence of concurrent

17   state court proceedings between all but one of the same

18   parties and raising the same issues.   The Court therefore

19   analyzes the application of the Colorado River factors to

20   this case.

21

22       On April 9, 2007, Defendant QTS filed an "Application

23   for Entry of Judgment on Sister-State Judgment" against

24   each Plaintiff in the California Superior Court for the

25   County of Riverside.   (Glos Decl. Ex. A at 21.)   The

26   Applications sought enforcement of a judgment obtained in

27   Nebraska litigation against Plaintiffs.   By order filed

28

1   July 31, 2007, the Superior Court denied Plaintiffs

2   PrivacyWear and Jones's motions to vacate the sister-

3   state judgment.   Their motions argued that the underlying

4   Nebraska judgment was issued by a court without personal

5   jurisdiction over them.  (Glos Decl. Ex. B at 306.)  At a

6   hearing on the motions, the Superior Court recognized

7   Plaintiffs' separate argument that they already had

8   satisfied the Nebraska judgment.  (Glos Decl. Ex. B at

9   320-21.)  That court noted, "Privacywear has a right to

10  litigate in some fashion the issue of the satisfaction of

11  the judgment."  (Glos Decl. Ex. B at 321.)  Having

12  determined that the Nebraska judgment was issued properly

13  based on personal jurisdiction over Plaintiffs, the court

14  advised Plaintiffs they could "raise what they think is

15  the satisfaction in due course in a proper way."  (Glos

16  Decl. Ex. B at 325.)

17

18      In this case, Plaintiffs again raise the issue of

19  their satisfaction of the Nebraska judgment, by alleging

20  they paid $400,000 in satisfaction of the Nebraska

21  judgment, pursuant to an agreement with QTS.  (FAC ¶¶ 6,

22  8.)  Plaintiffs assert that nevertheless, Defendants have

23  continued to demand further payment.  Plaintiffs thus sue

24  for breach of contract, breach of the implied covenant of

25  good faith and fair dealing, unjust enrichment, and fraud

26  in the inducement.  (FAC ¶¶ 4-22, 27-42.)  Plaintiffs

27  also allege a claim for "failure to acknowledge

28

1    satisfaction of judgment," pursuant to section 724.050 of
2    the California Code of Civil Procedure.[1]  (FAC ¶ 26.)
3    Finally, Plaintiffs request a declaratory judgment
4    finding that they paid $400,000 in satisfaction of the
5    Nebraska judgment, pursuant to the agreement entered into
6    by the parties.  (FAC ¶ 46.)

7

8        As revealed by a comparison of the issues raised in
9    the parallel federal and state proceedings, the separate
10   actions in the two courts are "substantially similar."
11   Nakash v. Marciano, 882 F.2d 1411, 1416-17 (9th Cir.
12   1989).  The state court proceedings involve all of the
13   parties to this action except Defendant Nash.  At issue
14   in those proceedings is whether or not Plaintiffs
15   satisfied the Nebraska judgment by paying $400,000.
16   Several of the claims in this Court raise this very
17   issue, including Plaintiffs' request for a declaratory
18   judgment, their request that Defendants acknowledge
19   satisfaction of the judgment, and their tort and contract
20   claims premised on Defendants' failure to abide by the
21   parties' alleged agreement to satisfy the judgment.  The

22

23

24   ──────────────
25       [1]Though the Court concludes that a stay of this
     action is appropriate, Plaintiffs' counsel is directed to
     reconsider whether it is appropriate to request that a
26   federal court apply state procedural law.  Erie R.R. Co.
     v. Tompkins, 304 U.S. 64 (1938).  In any event, it is
27   unclear that the California procedure for acknowledging a
     satisfaction of judgment may apply to a judgment obtained
28   in Nebraska, under Nebraska law.

8

1  Ninth Circuit has weighed such substantial similarity in
2  favor of abstention.[2]  <u>Id.</u>

3

4      In analyzing whether abstention is proper, the Ninth
5  Circuit also has considered whether a later-filed federal
6  action is "an attempt to forum shop or avoid adverse
7  rulings by the state court." <u>Nakash</u>, 882 F.2d at 1417.
8  Plaintiffs' actions suggest that they sought a new forum
9  for their claims after adverse rulings by the Superior
10 Court.  They initiated this action on November 20, 2007,
11 after the Superior Court issued its order in July 2007
12 denying Plaintiffs' motion to vacate the Nebraska
13 judgment.  (Glos Decl. Ex. B at 306.)  Plaintiffs also
14 filed the federal action despite the Superior Court's
15 express recognition of their ability to raise the issue
16 of satisfaction of judgment by way of an evidentiary
17 hearing.  (Glos Decl. Ex. B at 325); <u>see</u> <u>also</u> <u>Harris v.</u>
18 <u>EMI Television Programs, Inc.</u>, 102 Cal. App. 3d 214, 219
19 (1980) ("Satisfaction of the sister state judgment is a
20 defense to an action on the judgment in California.").
21 As the Ninth Circuit has noted, "We have no interest in
22 encouraging this practice" of forum shopping.  <u>Nakash</u>,
23 882 F.2d at 1417.

24

25 _____

26     [2]As a technical matter, the Supreme Court has
   rejected categorization of the <u>Colorado River</u> doctrine as
   an "abstention" principle.  <u>Nakash</u>, 882 F.2d at 1415 n.5.
27 Nevertheless, federal decisions commonly refer to the
   doctrine as such, and for ease of reference, this Order
28 will adhere to this practice.

9

1    Abstention is supported further here by the earlier

2  filing of the state proceedings and the application of

3  state law to the merits of the parties' dispute.

4  Moreover, in light of the similarity of the issues in the

5  state and federal proceedings, continued litigation on

6  parallel tracks would result in duplicated efforts and

7  the potential for conflicting results.  Finally, the FAC

8  does not bring any claims under federal law or raise any

9  issues of federal law.  These factors weigh in favor of

10  abstention here.  <u>Am. Int'l Underwriters</u>, 843 F.2d at

11  1258; <u>Intel Corp. v. Advanced Micro Devices, Inc.</u>, 12

12  F.3d 908, 913 n.7 (1993).

13

14    Although some of the <u>Colorado River</u> factors are

15  neutral or do not apply here -- such as the inconvenience

16  of the federal forum, or the earlier exercise of

17  jurisdiction over a res -- the remaining factors weigh

18  heavily in support of a stay of this action.  Indeed, a

19  determination by the Superior Court that the $400,000

20  paid by Plaintiff to date did not satisfy the Nebraska

21  judgment would obviate the entire basis for this case.

22

23    Accordingly, the Court is inclined to stay this case

24  under <u>Colorado River</u>, but invites any further briefing by

25  the parties on the issue.

26  ///

27  ///

28

**IV. CONCLUSION**

For the foregoing reasons, the Court is inclined to stay this action in favor of the pending state court proceedings, with a requirement that the parties file periodic status reports concerning the progress of the state court actions.  Should the Court enter such a stay, Defendants' Motions would be denied without prejudice to re-filing upon dissolution of the stay.

The parties therefore are ORDERED to show cause why this action should not be stayed pursuant to <u>Colorado River</u>.  Responses must be made in writing no later than September 15, 2008.  If no responses are filed, the Court will enter a stay and set forth a schedule for the filing of status reports.

Dated:  August 25, 2008

VIRGINIA A. PHILLIPS
United States District Judge