O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIVACYWEAR, INC., a Nevada Corporation; and CAROLYN M. JONES, an individual, | Case No. EDCV 07-1532-VAP (OPx) |
| | **[Response to Order to Show Cause filed on September 15, 2008]** |
| Plaintiff, | |
| v. | **ORDER ENTERING STAY** |
| QTS & CTFC, LLC, a Nebraska Limited Liability Company; and JONATHAN NASH, an individual, | |
| Defendants. | |

The Court has received and considered Plaintiffs'
response to the Court's Order to Show Cause, issued
August 25, 2008.

For the reasons set forth below, the Court stays this
action pursuant to <u>Colorado River Water Conservation
Dist. v. United States</u>, 424 U.S. 800 (1976).

///

1                        **I. BACKGROUND**

2  **A.   Procedural Background**

3       Plaintiffs PrivacyWear, Inc. and Carolyn M. Jones

4  filed a Complaint on November 20, 2007, and a First

5  Amended Complaint ("FAC") on March 18, 2008.  The FAC

6  alleges the following claims against Defendants QTS &

7  CTFC, LLC ("QTS") and Jonathan Nash:  (1) breach of

8  contract, (2) breach of implied covenant of good faith

9  and fair dealing, (3) failure to acknowledge satisfaction

10 of judgment, (4) unjust enrichment, (5) fraud in the

11 inducement, and (6) for declaratory relief.

12

13      On March 28, 2008, Defendants filed a "Motion to

14 Dismiss Plaintiffs' First Amended Complaint for Lack of

15 Personal Jurisdiction and/or Improper Venue or, in the

16 Alternative, to Transfer for Convenience; Motion to

17 Dismiss Plaintiffs' Fifth Cause of Action Pursuant to

18 Fed. R. Civ. P 12(b)(6)" ("Motion" or "Mot."), along with

19 the declarations of Christopher D. Glos ("Glos Decl.")

20 and Jonathan Nash.  Plaintiffs filed Opposition ("Opp'n")

21 and the declarations of Carolyn M. Jones and Brent H.

22 Blakely on April 14, 2008.  Defendants filed a Reply and

23 the Supplemental Declaration of Jonathan Nash on April

24 21, 2008.

25

26      On August 25, 2008, the Court denied Defendants'

27 Motion and issued an Order to Show Cause ("OSC") why the

28

1  action should not be stayed.  Plaintiffs filed their

2  response to the OSC on September 15, 2008.

3

4  **B.    Factual Background**

5       Plaintiff PrivacyWear is a Nevada corporation with

6  its principal place of business in California.  (FAC ¶

7  2.)  Plaintiff Jones is the president of PrivacyWear.

8  (Jones Decl. ¶ 1.)  The FAC alleges that in 2004,

9  Plaintiff PrivacyWear and Defendant Nash entered into an

10  agreement whereby Nash invested $50,000 in PrivacyWear

11  and obtained a 2.5 percent interest in the company.  (FAC

12  ¶ 4.)

13

14      Nash is the sole member and manager of Defendant QTS,

15  a Nebraska limited liability corporation.  (Id. ¶¶ 2, 7.)

16  In 2005, QTS sued Plaintiffs in Nebraska state court for

17  breach of contract and related claims arising out of the

18  parties' investment agreement.  (Id. ¶ 5.)  In 2006, the

19  Nebraska court entered default judgment in favor of QTS

20  and against Plaintiffs.  The Nebraska judgment called for

21  Plaintiff Jones to pay $50,000, for Plaintiff PrivacyWear

22  to pay $50,000, and for QTS to be awarded 2.5 percent of

23  PrivacyWear stock.  (Id. ¶ 6.)  According to Plaintiffs,

24  the parties later entered into an oral agreement under

25  which QTS would accept $400,000 from Jones and

26  PrivacyWear in full satisfaction of the entire judgment.

27  (Id. ¶ 8.)

28

3

1    Plaintiffs allege that in November 2006, they paid
2  the $400,000 to satisfy the judgment.  (Id. ¶ 9.)
3  Nevertheless, Defendant Nash continued to demand payment
4  of more money.  (Id. ¶ 12.)  In April 2007, QTS filed an
5  action in the California Superior Court for the County of
6  Riverside to enforce the Nebraska judgment against
7  Plaintiffs.  (Id. ¶ 13.)  Plaintiffs then filed this
8  lawsuit.
9
10                    **II. LEGAL STANDARD**
11    Under the Colorado River doctrine, a federal court
12 may decline to exercise jurisdiction in favor of
13 concurrent and parallel state proceedings where doing so
14 would serve the interests of "wise judicial
15 administration, giving regard to the conservation of
16 judicial resources and comprehensive disposition of
17 litigation."  Colorado River Water Conservation Dist. v.
18 United States, 424 U.S. 800, 818 (1976).  In applying the
19 Colorado River doctrine, the court may stay or dismiss
20 the action.  Moses H. Cone Mem. Hosp. v. Mercury Constr.
21 Corp. ("Cone"), 460 U.S. 1, 14-15 (1983).  A stay is
22 favored over dismissal where it "ensures that the federal
23 forum will remain open if for some unexpected reason the
24 state forum does turn out to be inadequate."  Attwood v.
25 Mendocino Coast Dist. Hosp., 886 F.2d 241, 243 (9th Cir.
26 1989) (internal quotation omitted).
27 ///
28

                              4

1    The <u>Colorado River</u> doctrine should be invoked only in

2 "exceptional circumstances," because federal courts

3 otherwise have a "virtually unflagging obligation" to

4 exercise the jurisdiction conferred on them.  <u>Colorado</u>

5 <u>River</u>, 424 U.S. at 817-18; <u>Cone</u>, 460 U.S. at 19.   The

6 following factors are relevant to whether a stay under

7 <u>Colorado River</u> is appropriate:

8        (1) whether the state court first assumed

9        jurisdiction over property; (2) inconvenience

10       of the federal forum; (3) the desirability of

11       avoiding piecemeal litigation; (4) the order

12       in which jurisdiction was obtained by the

13       concurrent forums; (5) whether federal law or

14       state law provides the rule of decision on the

15       merits;   (6)   whether   the   state   court

16       proceedings  are  inadequate  to  protect  the

17       federal   litigant's   rights;   (7)   whether

18       exercising  jurisdiction  would  promote  forum

19       shopping.

20 <u>Holder v. Holder</u>, 305 F.3d 854, 868 (9th Cir. 2002).   The

21 factors "are to be applied in a pragmatic and flexible

22 way, as part of a balancing process rather than as a

23 mechanical checklist."  <u>Am. Int'l Underwriters</u>

24 <u>(Philippines), Inc. v. Continental Ins. Co.</u>, 843 F.2d

25 1253, 1257 (9th Cir. 1988) (internal quotation and

26 citation omitted).  The balancing of these factors is to

27

28

1 be "heavily weighted in favor of exercising

2 jurisdiction."  Cone, 460 U.S. at 16.

3

4                    **III. DISCUSSION**

5     A court may invoke the Colorado River doctrine sua

6 sponte.  See Atchison, Topeka and Santa Fe Ry. Co. v. Bd.

7 of Equalization of the State of California, 795 F.2d

8 1442, 1446-48 (9th Cir. 1986), vacated on other grounds,

9 828 F.2d 9 (1987) (raising Colorado River for the first

10 time on appeal and instructing district court to stay

11 action upon remand).  Here, the parties' moving and

12 opposition papers reveal the existence of concurrent

13 state court proceedings between all but one of the same

14 parties and raising the same issues.  The Court therefore

15 analyzes the application of the Colorado River factors to

16 this case.

17

18     On April 9, 2007, Defendant QTS filed an "Application

19 for Entry of Judgment on Sister-State Judgment" against

20 each Plaintiff in the California Superior Court for the

21 County of Riverside.  (Glos Decl. Ex. A at 21.)  The

22 Applications sought enforcement of a judgment obtained in

23 Nebraska litigation against Plaintiffs.  By order filed

24 July 31, 2007, the Superior Court denied Plaintiffs

25 PrivacyWear and Jones's motions to vacate the sister-

26 state judgment.  Their motions argued that the underlying

27 Nebraska judgment was issued by a court without personal

28

1  jurisdiction over them.  (Glos Decl. Ex. B at 306.)  At a

2  hearing on the motions, the Superior Court recognized

3  Plaintiffs' separate argument that they already had

4  satisfied the Nebraska judgment.  (Glos Decl. Ex. B at

5  320-21.)  That court noted, "Privacywear has a right to

6  litigate in some fashion the issue of the satisfaction of

7  the judgment."  (Glos Decl. Ex. B at 321.)  Having

8  determined that the Nebraska judgment was issued properly

9  based on personal jurisdiction over Plaintiffs, the court

10  advised Plaintiffs they could "raise what they think is

11  the satisfaction in due course in a proper way."  (Glos

12  Decl. Ex. B at 325.)

13

14     In this case, Plaintiffs again raise the issue of

15  their satisfaction of the Nebraska judgment, by alleging

16  they paid $400,000 in satisfaction of the Nebraska

17  judgment, pursuant to an agreement with QTS.  (FAC ¶¶ 6,

18  8.)  Plaintiffs assert that nevertheless, Defendants have

19  continued to demand further payment.  Plaintiffs thus sue

20  for breach of contract, breach of the implied covenant of

21  good faith and fair dealing, unjust enrichment, and fraud

22  in the inducement.  (FAC ¶¶ 4-22, 27-42.)  Plaintiffs

23  also allege a claim for "failure to acknowledge

24  satisfaction of judgment," pursuant to section 724.050 of

25  the California Code of Civil Procedure.[1]  (FAC ¶ 26.)

26  _____

27     [1]Though the Court concludes that a stay of this
   action is appropriate, Plaintiffs' counsel is directed to

28                                              (continued...)

1 Finally, Plaintiffs request a declaratory judgment

2 finding that they paid $400,000 in satisfaction of the

3 Nebraska judgment, pursuant to the agreement entered into

4 by the parties.   (FAC ¶ 46.)

5

6     As revealed by a comparison of the issues raised in

7 the parallel federal and state proceedings, the separate

8 actions in the two courts are "substantially similar."

9 Nakash v. Marciano, 882 F.2d 1411, 1416-17 (9th Cir.

10 1989).   The state court proceedings involve all of the

11 parties to this action except Defendant Nash.   At issue

12 in those proceedings is whether or not Plaintiffs

13 satisfied the Nebraska judgment by paying $400,000.

14 Several of the claims in this Court raise this very

15 issue, including Plaintiffs' request for a declaratory

16 judgment, their request that Defendants acknowledge

17 satisfaction of the judgment, and their tort and contract

18 claims premised on Defendants' failure to abide by the

19 parties' alleged agreement to satisfy the judgment.   The

20 Ninth Circuit has weighed such substantial similarity in

21 favor of abstention.[2]   Id.

22

23     [1](...continued)
24 reconsider whether it is appropriate to request that a
federal court apply state procedural law.  Erie R.R. Co.
25 v. Tompkins, 304 U.S. 64 (1938).   In any event, it is
unclear that the California procedure for acknowledging a
26 satisfaction of judgment may apply to a judgment obtained
in Nebraska, under Nebraska law.
27
     [2]As a technical matter, the Supreme Court has
28                                      (continued...)

1     In analyzing whether abstention is proper, the Ninth

2  Circuit also has considered whether a later-filed federal

3  action is "an attempt to forum shop or avoid adverse

4  rulings by the state court." Nakash, 882 F.2d at 1417.

5  Plaintiffs' actions suggest that they sought a new forum

6  for their claims after adverse rulings by the Superior

7  Court.  They initiated this action on November 20, 2007,

8  after the Superior Court issued its order in July 2007

9  denying Plaintiffs' motion to vacate the Nebraska

10  judgment.  (Glos Decl. Ex. B at 306.)  Plaintiffs also

11  filed the federal action despite the Superior Court's

12  express recognition of their ability to raise the issue

13  of satisfaction of judgment by way of an evidentiary

14  hearing.  (Glos Decl. Ex. B at 325); see also Harris v.

15  EMI Television Programs, Inc., 102 Cal. App. 3d 214, 219

16  (1980) ("Satisfaction of the sister state judgment is a

17  defense to an action on the judgment in California.").

18  As the Ninth Circuit has noted, "We have no interest in

19  encouraging this practice" of forum shopping.  Nakash,

20  882 F.2d at 1417.

21

22     Abstention is supported further here by the earlier

23  filing of the state proceedings and the application of

24

25        [2](...continued)

26  rejected categorization of the Colorado River doctrine as
   an "abstention" principle.  Nakash, 882 F.2d at 1415 n.5.

27  Nevertheless, federal decisions commonly refer to the
   doctrine as such, and for ease of reference, this Order

28  will adhere to this practice.

9

1  state law to the merits of the parties' dispute.

2  Moreover, in light of the similarity of the issues in the

3  state and federal proceedings, continued litigation on

4  parallel tracks would result in duplicated efforts and

5  the potential for conflicting results.  Finally, the FAC

6  does not bring any claims under federal law or raise any

7  issues of federal law.  These factors weigh in favor of

8  abstention here.  <u>Am. Int'l Underwriters</u>, 843 F.2d at

9  1258; <u>Intel Corp. v. Advanced Micro Devices, Inc.</u>, 12

10  F.3d 908, 913 n.7 (1993).

11

12      Although some of the <u>Colorado River</u> factors are

13  neutral or do not apply here -- such as the inconvenience

14  of the federal forum, or the earlier exercise of

15  jurisdiction over a res -- the remaining factors weigh

16  heavily in support of a stay of this action.  Indeed, a

17  determination by the Superior Court that the $400,000

18  paid by Plaintiff to date did not satisfy the Nebraska

19  judgment would obviate the entire basis for this case.

20

21      Accordingly, the Court stays this case under <u>Colorado</u>

22  <u>River</u>.

23  ///

24  ///

25  ///

26  ///

27  ///

28

1

**IV. CONCLUSION**

2      For the foregoing reasons, the Court stays this

3 action in favor of the pending state court proceedings.

4 The parties must file a status report with the Court by

5 December 15, 2008 or when a California state court takes

6 action on this case, whichever occurs first.

7

8

9 Dated:  September 24, 2008 _____

10                              VIRGINIA A. PHILLIPS
                               United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28